**UNION POWER PARTNERS, L.P., Petitioner**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent**

**E.On U.S. LLC and Entergy Services, Inc., Intervenors.**

No. 08–1252.

United States Court of Appeals, District of Columbia Circuit.

Nov. 27, 2009.

Neil Lawrence Levy, Ashley Charles Parrish, Zachary D. Tripp, King & Spalding LLP, Washington, DC, for Petitioner.

Robert Michael Kennedy, Jr., Cynthia Ann Marlette, Robert Harris Solomon, Esquire, Solicitor, Federal Energy Regulatory Commission (FERC) Office of the Solicitor, Washington, DC, for Respondent.

Rebecca Roback Blitstein, Andrea Jean Chambers, Troutman Sanders, LLP, Glen Scott Bernstein, Skadden, Arps, Slate, Meagher & Flom LLP, Erin Margaret Murphy, Entergy Services, Inc., Washington, DC, for Intervenor.

Before: TATEL, GARLAND and KAVANAUGH, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This petition was considered on the record from the Federal Energy Regulatory Commission and the briefs and oral arguments of the parties. For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the petition for review be denied.

Union Power Partners and Entergy Services entered into an interconnection agreement regarding reactive power com-

pensation. The agreement provides, in relevant part: "At such time as FERC or another regulatory agency with jurisdiction over the sale or provision of reactive power at market-based rates *accepts a tariff,* rate schedule, or market mechanism for reactive power services or otherwise permits [Union Power] to charge [Entergy] and/or other users for reactive power services provided by [Union Power], or in the event of any other change in law or regulation that permits [Union Power] to assess market-based charges or otherwise seek reimbursement for its provision of reactive power services, [Union Power] shall be entitled to compensation for reactive power services at such market-based or tariff rates . . . ." J.A. 43 (emphasis added).

For purposes of this case, the key phrase in the contract is "accepts a tariff." FERC agreed with Entergy that Union Power's entitlement to compensation is triggered only when the Commission accepts a tariff substantively, not merely when it performs the ministerial duty of accepting a tariff for filing. As the parties agree, we afford *Chevron*-like deference to the Commission's interpretation of these contract terms. *See Lomak Petroleum, Inc. v. FERC,* 206 F.3d 1193, 1198 (D.C.Cir.2000); *see generally Nat'l Fuel Gas Supply Corp. v. FERC,* 811 F.2d 1563, 1568–72 (D.C.Cir.1987).

 Union Power argues that the Commission's decision is erroneous at *Chevron* step one because the term "accepts" in the contract is unambiguous and means "accepts for filing." We disagree. The term "accepts" is generally ambiguous as to whether it means approves or receives. Contrary to Union Power's contention, moreover, "accepts" is not a term of art in this context; rather, "accepts for filing" is a term of art. *See, e.g., Papago Tribal Utility Auth. v. FERC,* 628 F.2d 235, 239–40 (D.C.Cir.1980). And the

phrase "for filing" does not appear in this provision of the contract. The context of the surrounding contract language further undermines Union Power's contention that the term "accepts" unambiguously refers to FERC's accepting the tariff for filing. The word "otherwise" before "permits" in the clause following the term "accepts" implies that "accepts" in the preceding clause means substantive approval. And the phrase "any other change in law or regulation" in the succeeding clause further suggests that accepts means approves. In short, at *Chevron* step one the Commission's interpretation is not contrary to the unambiguous terms of the contract. Nor is FERC's interpretation of this provision unreasonable at *Chevron* step two. Although FERC reasonably could have interpreted the agreement in the manner advocated by Union Power, we cannot say that FERC acted unreasonably by adopting Entergy's interpretation. Union Power's arbitrary and capricious argument is similarly unavailing: FERC's interpretation of the contract was both reasonable and reasonably explained.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41(b).